UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN TRIPODI,

    Plaintiff,                                 Case No. 2:25-cv-13059
                                                      District Judge David M. Lawson
                                                      Magistrate Judge Kimberly G. Altman
v.

LUKE MARCH and
RACHEL MARIE GUERRERO,

    Defendants.
_____/

## ORDER TO SUBMIT DISCOVERY PLAN

This is a trespass case under diversity jurisdiction. Plaintiff Stephen Tripodi, proceeding *pro se*, has sued defendants Luke March and Rachel Marie Guerrero alleging that they have operated a large commercial garden that has rendered his property unusable. (ECF No. 1). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 6). March and Guerrero have appeared and filed answers to the complaint. (ECF Nos. 10, 13).

With the appearance of both defendants through counsel, the case is now ready for entry of a scheduling order. Prior to enter of a scheduling order, the parties shall meet and confer in order to prepare a Joint Case Management Report/Discovery Plan (the "Plan") in accordance with Federal Rule of Civil

1

Procedure 26(f). The Plan shall follow the format and address the Agenda Items listed below. **The Plan must be filed with the Court on or before January 9, 2026.**

The following Agenda Items are to be individually addressed in the written Plan under separate headings:

1. Related Cases: Identify any pending related cases or previously adjudicated related cases.

2. Jurisdiction: Explain the basis of the Court's subject-matter jurisdiction over the Plaintiff's claims and Defendant's counter-claims. Plaintiff should also identify any pendent state law claims. If any Defendants remain unserved, explain the plan to complete service.

3. Factual Summary: Provide a brief description of the nature of the action and a brief summary of Plaintiff's claims and Defendant's defenses. Identify the core, dispositive factual issues.

4. Legal Issues: Identify the legal issues genuinely in dispute. Also identify any dispositive or partially dispositive issues appropriate for decision by motion.

5. Amendment of Pleadings: Identify any anticipated amendments of pleadings to add or delete claims, defenses, or parties.

6. Discovery: (a) Summarize the discovery each party intends to pursue, including expert witnesses, the reasonable time needed for completion, and any anticipated disputes; (b) Explain the arrangements for exchanging initial disclosures required by Fed. R. Civ. 26(a)(1); (c) Indicate whether any changes should be made in the limitations on discovery imposed by the Federal and Local Rules; and (d) address whether there is a need to enter a protective order or a confidentiality order pursuant to Federal Rule of Evidence 502(d). The parties may commence discovery following the meet and confer.

7. Electronic Discovery: Explain the parties' plan for dealing with electronic discovery and whether implementation of this District's Model Order Relating to the Discovery of Electronically Stored Information is warranted. The parties are also encouraged to consult this District's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information. At the very least, the parties should discuss and address (a) the ESI to be preserved; (b) the form in which any ESI will be produced (i.e., native format, PDF, paper, etc.); (c) whether to limit discovery of ESI to particular sources or custodians, at least as an initial matter; and (d) search terms or methods to be used to identify responsive materials.

8. Settlement: Explain the prospects for settlement and whether the parties are interested in Case Evaluation (see Local Rule 16.3) or other methods of

alternate dispute resolution. Identify the discovery that would be most helpful in evaluating likelihood of settlement.

9. Consent: Indicate whether the parties consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this civil action (including a jury or non-jury trial) and to order the entry of a final judgment, as provided in 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

10. Trial: Identify whether this will be a jury or bench trial and the estimated length of trial. Also identify when each side can be ready for trial.

11. Miscellaneous: Identify any other matters any party wishes to address at the Scheduling Conference.

In the event that the parties cannot reach an agreement on any provision of the Plan, the parties shall include in the relevant provision of the Plan a brief statement containing each of the parties' respective positions.

After the Plan is submitted, the Court will determine whether to have a scheduling conference with the parties or enter a scheduling order.

SO ORDERED.

Dated: December 16, 2025

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 16, 2025.

                s/Dru Jennings
                DRU JENNINGS
                Case Manager