UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN TRIPODI,

       Plaintiff,

v.

LUKE MARCH and
RACHEL MARIE GUERRERO,

       Defendants.

Case No. 2:25-cv-13059
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL (ECF No. 18)[1]

### I.     Introduction

This is a trespass case under diversity jurisdiction. Plaintiff Stephen Tripodi, proceeding *pro se*, sues defendants Luke March and Rachel Marie Guerrero alleging that they have operated a large commercial garden that has rendered his property unusable. (ECF No. 1). March and Guerrero have appeared through counsel and filed answers to the complaint. (ECF Nos. 10, 13). Under 28 U.S.C.

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

§ 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 6).

Before the Court is defendants' motion to compel discovery responses. (ECF No. 18).  Plaintiff has filed a response as directed.  (ECF No. 20).  The motion is ready for decision.

For the reasons stated below, defendants' motion will be granted in part and denied in part.  Specifically, plaintiff is ordered to supplement his responses to interrogatories 1-6 with names and identifying information of individuals as explained above and to supplement his RFP responses to RFPs 3-6 with any responsive documents in his possession.  Plaintiff's supplemental responses shall be submitted to defendants within 30 days of entry of this order.

## II.    Legal Standards

The scope of discovery permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  The scope, however, may be "limited by court order," *id.*, meaning it is within the sound discretion of the Court.  *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich.

2

2017) (citation omitted) ("Further, a court has broad discretion over discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion.").  Moreover, discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence."  Fed. R. Civ. P. 26(b)(1).

A party may serve on another party written interrogatories and requests for production of documents.  Fed. R. Civ. P. 33, 34.  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if… (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection –as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(4).  Rules 33(b)(4) and 34(b)(2) provide that a party has 30 days in which to file written objections to interrogatories and requests for production of documents.  Fed. R. Civ. P. 33(b)(4), 34(b)(2).  Pursuant to these rules, any objection "which is not timely stated is waived."  *Id.*

As for requests for admissions, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the

3

requesting party a written answer or objection addressed to the matter and signed

by the party or its attorney." Fed. R. Civ. P. 36(a)(3). However, "[a] shorter or

longer time for responding may be ... ordered by the court." *Id.* Under Rule 36(b),

the court may, on motion, permit an admission to be withdrawn or amended. The

court may do so "if it would promote the presentation of the merits of the action

and if the court is not persuaded that it would prejudice the requesting party in

maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

### III. Discussion

#### A. Interrogatories

Defendants' first discovery request included six interrogatories, and they

take issue with plaintiff's responses to each of them. Interrogatory 1 stated:

> Concerning the assertion that Defendants "organized a group of persons to trespass" onto Plaintiff's property, identify:
>
> (a) The specific factual basis for that assertion;
>
> (b) The acts each Defendant allegedly took to "organize" the trespass;
>
> (c) The name of each person who was in the group that trespassed;
>
> (d) The name, address and telephone number of each person who has personal knowledge or may be called to testify in support of it.

(ECF No. 18, PageID.67).

Plaintiff simply responded to this interrogatory with: "Based on the

admission of Defendant and Defendant's wife." (*Id.*, PageID.94). Interrogatories

2-6 request similar information as to the factual bases and identification of people

4

with knowledge of other allegations. (*Id.*, PageID.68). Plaintiff responded in a vague manner to each request and provided no names or identifying information of anyone who had knowledge of the events, including zero contact information for anyone plaintiff listed as a witness in his discovery plan, as requested in interrogatory 6. (*Id.*, PageID.94-95).

In his response, plaintiff expands on his responses to the interrogatories as follows:

> As to the defendant's interrogatories 1-6, the Plaintiff spoke with the defendant March and his wife on October 8, 2022, in front of their home at 705 Wolcott St, 48504, during a street produce sale by the defendants. March and his wife apologized repeatedly and openly admitted to calling Kettering University for the purpose of trespass and abolishing the Plaintiff's home at 718 Wolcott St in his absence. This exchange was witnessed by Liz Taylor, and others, who also witnessed the trespass events of October 1, 2022.
>
> These listed witnesses are very much in fear for their own safety after being terrorized and/or forced from their homes due to the actions of the defendants and their associates Kettering University, who has over $100,000,000.00 off shore and was able to convince the city of Flint and the county of Genesee to sign over numerous properties under pretenses of redevelopment, but then engaged in criminal acts of Trespass to land and Conversion to force residents out.

(ECF No. 20, PageID.101).

For interrogatories 1 and 2, the Court will accept plaintiff's explanation as the factual basis for his allegations. However, for these interrogatories as well as interrogatories 3 and 4, plaintiff has not provided the name, telephone number, or address of anyone with personal knowledge of the events. For interrogatory 6,

plaintiff has failed to provide the address, telephone number, or email address of anyone on his witness list.

Plaintiff says that the "demand for the witness's personal information extends only to the witness's phone numbers known by plaintiff" and that "[a]ny information demanded beyond phone numbers is readily available to any attorney and will certainly be known to him if he seeks such from his own research via Lexus/nexus etc.  As such, the Plaintiff answered the interrogatories to the best of his abilities."  (ECF No. 20, PageID.102-103).

Plaintiff has misunderstood his duty in responding to interrogatories.  He may not simply list names of individuals he knows and expect defendants to further identify them.  Furthermore, he must identify individuals, if any, that have personal knowledge of the allegations.

An Ohio court ruled similarly regarding interrogatories that lacked such information:

> Interrogatory no. 3 seeks the identity of each person Mr. Grant contacted, questioned, or interviewed concerning facts alleged in his complaint. Mr. Grant responded "see witness list" and attached a witness list to his responses.  The witness list, however, is simply a list of 17 names (only 7 of which have last names and 7 of which have phone numbers), briefly describing each person's involvement with Mr. Grant's claims.  That does not fully respond to what Target has asked, and it is entitled to know what others may know about this case.  Mr. Grant is ordered to provide more complete information regarding the identity of each individual, including each individual's last name, in response to this question.  Moreover, Mr. Grant is ordered to list these individuals' names specifically in his response to interrogatory no. 3

6

instead of grouping them together in a list that also includes answers to other interrogatories.

Interrogatory no. 4 asks for the full name, address, and telephone number of any person who provided Mr. Grant with a written or verbal statement concerning his claims, the date each statement was made, the full name and address of the person taking each statement, whether the statement was written, oral, videotaped and/or tape recorded, and the full name and address of the present custodian of each statement.  It then asks Mr. Grant to identify all non-privileged documents relating to such statements.  In response, Mr. Grant again stated "see witness list." The witness list, brief as it is, does not answer this question either.  Mr. Grant is ordered to provide this complete information in response to Target's interrogatory no. 4 and is additionally ordered specifically to list these individuals in his response to interrogatory no. 4 instead of grouping them together in a list that also includes answers to other interrogatories.

*Grant v. Target Corp.*, 281 F.R.D. 299, 308–09 (S.D. Ohio 2012).

As in *Grant*, the Court will order plaintiff to respond to interrogatories 1-4 and 6 with the names, phone numbers, and addresses or email addresses (as requested in each interrogatory) for each individual with knowledge of the allegations specified in the interrogatory and for each individual listed as a potential witness by plaintiff.

For interrogatory 5, defendants ask that plaintiff clarify whether October 5, 2022 is the only date that plaintiff visited the relevant properties at issue (713 and 718 Wolcott Street).  Plaintiff's response does not clarify this, but refers to a conversation plaintiff had with March on October 8, 2022, at a neighboring address.  (ECF No. 20, PageID.101).  Plaintiff also notes that the conversation was

witnessed by "Liz Taylor, and others, who also witnessed the trespass events of October 1, 2022." (*Id.*). This is not responsive to defendants' request. Plaintiff must clarify exactly which dates he has visited the properties as requested in interrogatory 5, and as outlined above, must fully respond to each interrogatory.

B.   Requests for Production (RFPs)

Defendants first take issue with RFP 2, which requested all documents, videos, or tangible things prepared or maintained by anyone with personal knowledge or who may be called to testify in support of plaintiff's assertions. (ECF No. 18, PageID.69). Plaintiff responded that the "[w]itness list contains names of all who possess video evidence." (*Id.*, PageID.95). Because plaintiff cannot produce what he does not have in his possession, custody, or control, he cannot be compelled to produce items requested in RFP 2. But the Court notes that plaintiff has not provided identifying information for the individuals listed in his witness list, and that if plaintiff plans to use production from those individuals to make his case, he must supplement his response and provide the production to defendants if and when he obtains it.

For RFPs 3-6, defendants request photographs of plaintiff's properties before and after the alleged damage, correspondence between plaintiff and defendants, correspondence between plaintiff and individuals with personal knowledge of the allegations, and documents supporting plaintiff's damages. (*Id.*,

8

PageID.69-70).  Plaintiff did not produce any documents in response to these requests and is ordered to do so, regardless of whether such documents are said to be in defendants' possession or available in the public record.

### C.      Requests for Admission

Defendants' requests to admit concerned 11 photographs that they say depicted plaintiff's property on different dates.  Defendants ask plaintiff to admit that the photographs accurately depicted the condition of the property as of those dates.  For each request, plaintiff responded "Deny, the images are not certified or authenticated by Defense counsel as real."  (*Id.*, PageID.64, 95-96).  In his response, plaintiff says that "[w]hile the images appear to be of such property, the Plaintiff can only admit that they resemble the property.  The validity of the time and date that is alleged in the images is written by hand and not known by the Plaintiff to be correct."  (ECF No. 20, PageID.100).  The Court will construe this as a supplemental admission that the pictures of the property appear to be accurate, but that plaintiff can neither admit nor deny that they are unaltered or that they reflect the condition of the property on the dates and times written on them.  This aspect of defendants' motion to compel is therefore resolved.

### IV.    Conclusion

For the reasons stated above, defendants' motion to compel discovery responses (ECF No. 18) is granted in part and denied in part.  Specifically, plaintiff

is ordered to supplement his responses to interrogatories 1-6 with names and identifying information of individuals as explained above and to supplement his RFP responses to RFPs 3-6 with any responsive documents in his possession. Plaintiff's supplemental responses shall be submitted to defendants within 30 days of entry of this order.

Plaintiff is cautioned that if he does not comply with this discovery order, he may be subject to sanctions under Rule 37.  Such sanctions could include, but are not limited to, being prohibited from introducing designated matters in evidence, payment of expenses, or dismissal of this action.  *See* Fed. R. Civ. P. 37 (b)(c).

SO ORDERED.

Dated: April 24, 2026                                    s/Kimberly G. Altman
Detroit, Michigan                                        KIMBERLY G. ALTMAN
                                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager

10