UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STEPHEN TRIPODI,

                                                     CASE NO. 2:25-cv-13059
          Plaintiff,                                 HON. KIMBERLY G. ALTMAN

-v-

LUKE MARCH and
RACHEL MARIE GUERRERO,

          Defendants.

| | |
|---|---|
| STEPHEN TRIPODI | SIMEN, FIGURA & PARKER, P.L.C. |
| Plaintiff, In Pro Per | BY:  MICHAEL J. GILDNER (P49732) |
| 838 Glade Dr. | Attorney for Defendants |
| Prescott, AZ 86301 | 5206 Gateway Centre, Ste 200 |
| (928) 350-7445 | Flint, MI 48507 |
| sctripodi@yahoo.com | (810) 235-9000 |
| | mgildner@sfplaw.com |

## DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES

1.    Identify all persons who are likely to have personal knowledge of any fact alleged in the pleadings, and state the subject matter of the personal knowledge possessed by each such person.

**ANSWER:**    **Matthew Reuben.  He lives next door to Plaintiff's property and may have seen work being done there.**

**Jack Stock, Director of External Relations at Kettering University.  He coordinates service projects for student volunteers during Service Saturday events, including the service projects of October 1, 2022.**

**Luke March.  He can testify about the allegations made in the complaint and defenses to them.**

**Rachel Guerrero can testify about her residence and lack of involvement with any of the allegations made in Plaintiff's complaint.**

**As discovery is ongoing, these are the only potential witnesses known to Defendants at this time.**

2.     Identify all persons who have a subrogation interest in any claim set forth in the complaint, and state the basis and extend of such interest.

**ANSWER:**   **None.**

3.     State the full name, address, employer, title/capacity, and salary of all defendants.

**ANSWER:**   **Objection, in that the request seeks information that it not relevant to the claims and defenses made in the lawsuit and is not likely to lead to the discovery of admissible evidence.**

4.     Describe how you contend the incident occurred that damaged the Plaintiff's properties on or about October 1, 2023.

**ANSWER:**   **Concerning the event of October 1, 2022, Luke March asked organizers of Kettering University's Service Saturday events if they were interested in cleaning up blighted areas on Wolcott Street.  Two teams were involved.  Luke March directed one team that built garden beds for the urban farm on Kettering's property.  The second team, directed by someone else, cut back overgrown brush around 718 Wolcott Street.**

5.     Identify all insurance companies and policy details for defendants and owner of 705 Wolcott St. 48504.

**ANSWER:**   **Objection, in that the request seeks information that it not relevant to the claims and defenses made in the lawsuit and is not likely to lead to the discovery of admissible evidence.**

6.     Identify all persons contacted, associated to, or participated in the trespass to Plaintiff's lands.

**ANSWER:**   **The only person known to Defendants is Jack Stock, Kettering University's Director of External Relations.**

7.     Why did you contact Kettering University regarding the Plaintiff's properties instead of contacting him or the neighbors caring for such?

**ANSWER:**   **Luke March had no contact information for Plaintiff and he did not contact caretakers because it appeared to him that there were none. The house appeared to be vacant and was in such disrepair that he believed it was abandoned or at least ignored.**

8.     Did you purchase the home at 705 Wolcott St.?  If so, how much was it?

**ANSWER:** **Objection, in that the request seeks information that it not relevant to the claims and defenses made in the lawsuit and is not likely to lead to the discovery of admissible evidence. Subject to that objection, yes Luke March purchased it.**

9.  Why did you trespass on Plaintiff's property by parking a car on such?

**ANSWER:** **Luke March parked on the paved driveway of the vacant lot at 713 Wolcott Street because it was an unused, paved driveway that allowed him to park off of the street. In October 2022, Plaintiff gave him explicit approval to park there. Plaintiff did not revoke consent until December 2025.**

10.  Did you, or Kettering, ever check property records for owners or verify historical status of the plaintiff's properties before trespassing.

**ANSWER:** **Objection, in that the request assumes Defendants "trespassed" when in fact they never did. Subject to that objection, yes, Luke March checked property records before October 1, 2022.**

11.  Do you know of any law in Michigan that allows one to trespass and destroy private property without permission?

**ANSWER:** **Defendants are not attorneys, but they deny trespassing or destroying private property.**

12.  Are you a graduate of Kettering University? If so, when and what degree?

**ANSWER:** **Luke March graduated from Kettering in 2013 with a Bachelor of Science in Engineering Physics.**

13.  Were you aware of a 20 year ongoing Botany study at the property of the plaintiff at 718 Wolcott St. 48504?

**ANSWER:** **No, there is none to Defendants' knowledge.**

14.  Were you aware of posted signs clearly stating "BOTANY STUDY, NO TRESPASSING" and "HISTORICAL SITE?"

**ANSWER:** **No, there are none to Defendants' knowledge.**

15.  Do you now, or ever, suffer from any mental illness, or been diagnosed with any mental illness in the past 10 years?

**ANSWER:** **Objection, in that the request seeks information that it not relevant to the claims and defenses made in the lawsuit and is not likely to lead to the discovery of admissible evidence.**

16.     Please describe in detail all communications with Kettering University that convinced them to trespass on plaintiff's property and destroy the same?

**ANSWER:** **Luke March contacted Jack Stock as described above.  No communications were meant or intended to convince Kettering to trespass or cause damage.**

17.     Are you aware of Kettering's plans to redevelop Wolcott Street?

**ANSWER:** **Objection, in that the request assumes there are such plans.  Without waiving that objection, Defendants are not aware of any.**

18.     Did you or your guest ever received social service like food stamps or Covid loans of any type over the past 10  years at 705 Wolcott St 48504?

**ANSWER:** **Objection, in that the request seeks information that it not relevant to the claims and defenses made in the lawsuit and is not likely to lead to the discovery of admissible evidence.**

19.     Did you ever receive any funds or grants from anyone to develop a garden?

**ANSWER:** **Objection, in that the request seeks information that it not relevant to the claims and defenses made in the lawsuit and is not likely to lead to the discovery of admissible evidence.**

20.     Do you own the property where you developed a commercial garden?

**ANSWER:** **No.**

21.     Did you ever obtain licensing for commercial garden and/or a waste water survey and approval for such from the state of Michigan?

**ANSWER:** **No.**

22.     Does your home at 705 Wolcott St. 48504 have a driveway? If not, where have you parked for the past 10 years?

**ANSWER:** **No.  Luke March has parked in the unpaved driveway next to his house (705 or 709 Wolcott Street); on Plaintiff's paved driveway at 713 Wolcott Street; on the paved remnants of the driveways across**

the street (702 and 706 Wolcott Street); and also on the street (Wolcott).

23.     Have you received any payments or funds from any 3rd parties for the past 10 years associated with the property at 705 Wolcott St. 48504?

**ANSWER:     Objection, in that the request seeks information that it not relevant to the claims and defenses made in the lawsuit and is not likely to lead to the discovery of admissible evidence.**

24.     Why have you and your guests harassed, trespassed and destroyed the neighbors and their properties for the past 10 years with notice or inquiry?

**ANSWER:     Objection, in that the request assumes facts not in evidence. Without waiving that objection, Defendants have not harassed, trespassed or destroyed their neighbors.**

25.     Are you aware that it is unlawful to park on unpaved surfaces in the state of Michigan?

**ANSWER:     Objection, in that the request assumes facts not in evidence. Without waiving that objection, Defendants do not believe this is an accurate statement of Michigan law.**

SIMEN, FIGURA & PARKER, P.L.C.

BY: /s/ Michael J. Gildner
     Michael J. Gildner (P49732)
     Attorney for Defendants
     5206 Gateway Centre, Suite 200
     Flint, Michigan 48507
     (810) 235-9000

Date: February 17, 2026

THE ABOVE IS TRUE TO THE BEST OF OUR KNOWLEDGE, INFORMATION AND BELIEF.

Luke March

Rachel Guerrero

## CERTIFICATE OF SERVICE

The undersigned says that on February 17, 2026, she has caused to be served a copy of Defendants' Answers to Plaintiff's Interrogatories and this Certificate of Service via email upon Stephen Tripodi, Plaintiff Pro Se at sctripodi@yahoo.com.

I declare that the above statements are true and correct to the best of my knowledge, information and belief.

/s/ Kimberly Nadrowski