UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN TRIPODI,

        Plaintiff,

v.

LUKE MARCH and
RACHEL MARIE GUERRERO,

        Defendants.

Case No. 2:25-cv-13059
District Judge Jonathan J.C. Grey

| STEPHEN TRIPODI | SIMEN, FIGURA & PARKER PLC |
|---|---|
| Plaintiff Pro Se | MICHAEL J. GILDNER (P49732) |
| 838 Glade Dr. | 5206 Gateway Centre, Ste 200 |
| Prescott, AZ 86301 | Flint, MI 48507 |
| 928/350-7445 | 810/235-9000 |
| sctripodi@yahoo.com | mgildner@sfplaw.com |

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**NOW COMES** Plaintiff Pro Se Stephen Tripodi hereby responds and

objects to Defendant's Motion for Summary Judgment and moves this Court to

**DENY** the same IN FULL.

The accompanying brief is in support.

Dated: April 26, 2026

        S/ Stephen Tripodi
        Plaintiff Pro Se

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN TRIPODI,

       Plaintiff,                            Case No. 2:25-cv-13059
                                          District Judge Jonathan J.C. Grey
       v.                              Magistrate Judge Anthony P. Patti

LUKE MARCH and
RACHEL MARIE GUERRERO,

       Defendants.

| STEPHEN TRIPODI | SIMEN, FIGURA & PARKER PLC |
|---|---|
| Plaintiff Pro Se | MICHAEL J. GILDNER (P49732) |
| 838 Glade Dr. | 5206 Gateway Centre, Ste 200 |
| Prescott, AZ 86301 | Flint, MI 48507 |
| 928/350-7445 | 810/235-9000 |
| sctripodi@yahoo.com | mgildner@sfplaw.com |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE AND
OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…........................................................................ 3

INTRODUCTION ...................................................................................... 4

STATEMENT OF FACT …………………………………………………………… 4

STANDARD OF REVIEW ........................................................................... 6

LEGAL ARGUMENT...................................................................................... 7

    I.       Whether Plaintiff cannot support any claims against Guerrero…............ 7

    II.     Whether Plaintiff cannot substantiate claims against March....………... 8

    III.    Whether Plaintiff cannot support claim of Diversity jurisdiction....……. 9

    IV.    In the Event this Court Finds Deficiencies, Plaintiff should be Afforded Leave to amend……………................................................................. 10

CONCLUSION ...................................................................................................11

## TABLE OF AUTHORITIES

Cases                                     Page(s)

*Ashcroft v. Iqbal*, 556 U.S. 662,
 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ............................................................ 10
*Ass'n of Cleveland Fire Fighters v. City of Cleveland*,
502 F.3d 545 (6th Cir. 2007)....................................................................... 7
*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .......................................... 7
*Conley v. Gibson*,
355 U.S. 41 (1957)...................................................................................... 6
*Miller v. Citizens Bank, N.A.*,
2023 WL 6096651 (E.D. Mich. Sept. 18, 2023)............................................. 10, 11
*United States Ex. rel. Bledsoe v. Cmty. Health Sys.*,
342 F.3d 634 (6th Cir. 2003)…...................................................................... 10, 11

Rules

Federal Rule of Civil Procedure 8(a) (2)....................................................... 6
Federal Rule of Civil Procedure 56(a) …....................................................... 6

## INTRODUCTION

The Defendants, and more to be named, knowingly and willing engaged in criminal trespass, conversion, and damage to the Plaintiff's property on October 1, 2022, and took a large tree after causing severe damage to the grounds and house. Despite several good faith attempts to resolve this matter, the Defendants have refused.  The Defendants have also refused to provide any discovery at this time. The Defendant's Motion is made in bad faith and is untrue.  Just recently, the Plaintiff received information that the Defendant March knew the Plaintiff's housekeeper and groundskeeper for the property in question and thus refutes any argument that the property was blithe or a banded.

## STATEMENT OF FACTS

Defendants had repeatedly trespassed on the plaintiff's properties for years preventing use by intended parties at great cost to the Plaintiff.

On numerous occasions the defendants, and their guests to be named, trespassed on to the plaintiff's 718 Wolcott St, Flint, MI 48504, despite notices not to trespass and objections by neighbors working on behalf of the Plaintiff.

Defendant admits in its discovery response, filed separately as **Exhibit 6**, of contacting the criminal cartel known as Kettering University to "clean up the property" despite knowing it was kept and private. Usually one reports to the city.

4

Defendant March and others knowingly entered the property of the Plaintiff on October 1, 2022, claiming the property was owned by the "Land Bank," referring to the Genesee County Michigan Land Bank.  An entity that process and auctions property, seized for failing to pay taxes.  The neighbors tried to intervene but were unable as there were more than a dozen persons.

Despite the grass being mowed the day prior on, September 30, 2022, the Defendant and others persisted deep into the property and attempted to cut down a large tree that fell on to the house causing obvious and extreme damage to the home.  The defendant March then fled leaving the property in worse shape than before they arrived.  The large "Burning Bush," a part of an ongoing botany study, in the front yard was never found due to being transferred to a property of defendant General Motors in case no 2:24 CV-12562 before the same presiding Honorable District Judge Jonathan Grey.

On June 20, 2026, it was learned that Defendant March and his wife had interacted with Plaintiff's housekeeper Elizabeth Tyler several times from 2016 through 2022 and knew that she had a key and access to the Plaintiff's home and lived directly behind such.

On the same June 20, 2026, it was learned that Defendant March interacted with Plaintiff's grounds keeper John Knott several times and was informed that the parking at 713 Wolcott St, Flint, MI, was reserved for Johnny Knott and his guests

in exchange for lawn care and other home services.  Because of March's trespass of parking at 713 Wolcott St for over several years, the Plaintiff had to pay for those services.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) allows a party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Ass'n of

Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007)

(quoting *Bell Atlantic*, 550 U.S. at 555, 127 S.Ct. 1955).

## **LEGAL ARGUMENT**

Plaintiff filed his instant lawsuit alleging trespass to land and damages by the defendants. The plaintiff has not amended due to defendants' unwillingness to cooperate with discovery although an amended complaint s merited and expected.

**I.     Whether Plaintiff cannot support any claims against Guerrero**

The recent discovery of defendant interactions with the Plaintiff's neighbor and staff declares that the defendant Guerrero repeatedly came and went from the Plaintiff's properties without permission and was seen taking samples from Plaintiffs' Burning Bush in the front yard of 718 Wolcott St.

As defendant admits, Guerrero is now overseas.  Guerrero is a bio research specialist that is engaging in such research related to that of the Plaintiff's research regarding the burning bush seized by the defendants on October 1, 20222, by way of flagrant and criminal actions over years against Plaintiff's private property.

The declaration of Johnny Knot, attached hereto as **Exhibit 1**, identifies all defendants, including Guerrero, trespassing and preventing Knott from using the leased parking spots occupied by defendants for years.

7

**II.      Whether Plaintiff cannot substantiate claims against March**

Attached hereto as **Exhibit 2**, show the defendant March's vehicle occupying the spot at 713 Wolcott St, which was leased to Johnny Knott in exchange for lawn care and security.  Due to defendant March's trespass and refusal to stop, the Plaintiff had to compensate Johnny Knott for these services at a rate of $100 per month from 2015 through 2022.

Deacon Knott further declares that he had cut the grass at the Plaintiff's property, and his own, on September 30, 2022, which is why there is no grass trimmings anywhere to be seen in Exhibit 3.

Attached hereto as **Exhibit 3**, is the Ring video of Johnny Knott at 722 Wolcott St, showing defendant March on the Plaintiff's property on October 1, 2022.  In the distance, March's vehicle is seen on the Plaintiff's property but now is parked on the grass in violation of Flint city code.

Attached hereto as **Exhibit 4**, is the declaration of Elizabeth Tyler stating that she interacted with March and his wife on several occasions from 2016 through 2022.  Ms. Tyler declares that she told them she was/is the Plaintiff's housekeeper since 2022 and would then show them the plaintiff's house key on a long shoe string worn around her neck at all times.

Despite this knowledge and the fact that the property's yards were cared for by neighbors, Defendant March knowingly and intentionally called

8

his crew of criminals to destroy the property and steal the research plant under study by the Plaintiff for the past 20 years.  The Plaintiff was scheduled to return for final samplings on October 5, 2022, only to find the plant gone and the property destroyed.

On October 8, 2022, the Plaintiff met the defendant March and his wife on Wolcott Street, wherein they both repeatedly apologized for the damage and admitted that they called Kettering University to pull off the trespass, damage and theft/conversion.

The fact that the Defendants and friends were doing yard work and tree trimming in October is unusual and very bad for the plants at that time of year.  The acts of the Defendants, and their associates, were intentional and are criminal trespass with damage, and prima facie conversion.

## III.    Whether Plaintiff cannot support claim of Diversity jurisdiction

The Plaintiff obtained a rough estimate from John Doe of Clio, MI on October 11, 2022, attached hereto as **Exhibit 5**, estimating damages and the cost of repair to be in excess of $75,000.00 then and in excess of $120,000.00 now.

The Plaintiff suffers losses of research costs in excess of $100,000.00, expenses for alternate housing due loss of use of his primary home in excess

of $72,000.00, and loss of future income from doctoral teaching of  non-fruit

bearing Botany at no less than $240,000.00 annually since 2003.

## IV.    In the Event this Court Finds Deficiencies, Plaintiff should be Afforded Leave to Amend

While Plaintiff maintains that he sufficiently responded and

substantiated that there is several issues to the real facts of this matter and

summary is not merited.  In the event this Court finds deficiencies, he should

be afforded leave to amend. In *Miller*, this District allowed the plaintiff to

file a second amended complaint to fix allegations made in briefing that

were not present in the complaint and "naked assertion[s] devoid of further

factual enhancement." Miller, 2023 WL 6096651 at *3 (quoting Ashcroft v.

Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009))

(alteration in Miller). Where an amended complaint might state a claim, a

plaintiff must be given an opportunity to amend her pleading before

dismissing it with prejudice. United States Ex. rel. Bledsoe v. Cmty. Health

Sys, 342 F.3d 634, 644 (6th Cir. 2003).  Here, Plaintiff has not had an

opportunity to amend due to the defendant's refusal to cooperate with

discovery twice believing other claims possible with discovery and if there

are any deficiencies, he should be given opportunity to amend them, as seen

in *Miller* and as directed by the Sixth Circuit in *Bledsoe*.

10

## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment should be denied in its entirety. In the alternative, Plaintiff should be afforded leave to amend to address any perceived deficiencies.

Respectfully submitted,

*/s/ Stephen Tripodi*_____

Dated: June 26, 2026            by:    Stephen Tripodi PLAINTIFF PRO SE

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of the filing to the counsel of record for all parties for civil action No. 2:25-cv-13059 and I hereby certify that there are no individuals entitled to notice who are non-ECF participants. I hereby certify that on June 26, 2026, I also electronically transmitted the above document to the Defendant via defense counsel at mgildner@sfplaw.com.

S/Stephen Tripodi
Plaintiff Pro Se

11

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN TRIPODI,

     Plaintiff,

     v.

LUKE MARCH and
RACHEL MARIE GUERRERO,

     Defendants.

Case No. 2:25-cv-13059
District Judge Jonathan J.C. Grey

| STEPHEN TRIPODI | SIMEN, FIGURA & PARKER PLC |
|---|---|
| Plaintiff Pro Se | MICHAEL J. GILDNER (P49732) |
| 838 Glade Dr. | 5206 Gateway Centre, Ste 200 |
| Prescott, AZ 86301 | Flint, MI 48507 |
| 928/350-7445 | 810/235-9000 |
| sctripodi@yahoo.com | mgildner@sfplaw.com |

## DECLARATION OF JOHNNY KNOTT

I, Johnny Knott, of Flint, Michigan declare that on October 1, 2022, I witnessed Luke March and several other persons from Kettering University, the City of Flint, Michigan, and from General Motors, enter and destroy the Plaintiff's property at 718 Wolcott Street, Flint, Michigan 48504.

I have been the grounds keeper and security for such property since 2002 and own and lived next to the property at 722 Wolcott Street, Flint, Michigan 48504 from 1996 through 2026. When I saw the trespass, I called Mr. Tripodi.

1

On several occasions from 2016 through 2022, I interacted with Luke March and his family and guests. Mr. March asked me several times about the Plaintiff's properties at 718, 717, and 713 Wolcott Street, 48504. I informed Luke March that driveway at 713 Wolcott St, was leased to me and that he needs to stop using such as early as 2016. Luke March did not comply and continued using such for years despite my objections. He stopped when Mr. Tripodi returned in 2022.

I witnessed Mr. Tripodi's housekeeper Elizabeth Tyler interact with March and family on several occasions. I witnessed Ms. Tyler show March and his friends the key to Mr. Tripodi's house that she wore around her neck. It was not uncommon for people to ask me if Mr. Tripodi wanted to sell his house or see inside as it was fully restored and very beautiful. I even offered to buy the house from Mr. Tripodi on several occasions.

On the Friday, September 30, 2022, I had the yard mowed at Mr. Tripodi's house and also at mine. There was no need or reason for Luke March and the others from Kettering, Flint, and General Motors to have entered and destroyed Mr. Tripodi's property by claiming it to be blithe etc. I have cared for the yards and tree trimming according to Mr. Tripodi's orders without incident for over 6 years since 2016. Mr. Tripodi's home and yard was kept up to code and no citations or complaints were ever filed or received to the best of my knowledge.

2

Luke March and the others took off after a tree they cut in the back yard fell and hit the house and causing severe damage.  The trespassers used a Flint labeled back hoe to destroy the original historic driveway and then cut down and stole the 100 year old burning bush that Mr. Tripodi had labeled "BOTANY STUDY, Do Not Touch Plant" along with multiple signs that said "NO TRESSPASSING, PLEASE CONTACT NEIGHBORS FOR HELP!"  Everyone in the neighborhood knew this; including Luke March based on his interactions with me at the house.

A black flatbed truck left the area with the burning bush strapped to the back and drove to the flint tool and dye plant about a half mile away on October 1, 2022.  I could see this from the balcony of my upstairs unit at 722 Wolcott St, 48504.

There was also a red Flint city truck present and a large backhoe with FLINT written on the side.  A white Kettering van dropped off several people also.

In the 30 years that I have owned and lived on Wolcott Street, I have never once seen Kettering University clean up any yard or offer to do anything to benefit the neighborhood.  Instead, Luke March is operating a large commercial garden on Kettering Property despite the objections and complaints by the neighbors/owners.  I declare, under penalty of perjury, the preceding to be true.

Dated: June 20, 2026

*Johnny Knott*
_____
Johnny Knott

3

15

# EXHIBIT 2



40-12-383-024                                                08/12/2022

EXHIBIT 2

# EXHIBIT 3





19

# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN TRIPODI,

      Plaintiff,

                        Case No. 2:25-cv-13059
                        District Judge Jonathan J.C. Grey

      v.

LUKE MARCH and
RACHEL MARIE GUERRERO,

      Defendants.

| STEPHEN TRIPODI | SIMEN, FIGURA & PARKER PLC |
|---|---|
| Plaintiff Pro Se | MICHAEL J. GILDNER (P49732) |
| 838 Glade Dr. | 5206 Gateway Centre, Ste 200 |
| Prescott, AZ 86301 | Flint, MI 48507 |
| 928/350-7445 | 810/235-9000 |
| sctripodi@yahoo.com | mgildner@sfplaw.com |

### DECLARATION OF ELIZABETH TYLER DOB 01/06/1959

I, Elizabeth Tyler, of Flint, Michigan declare that on October 1, 2022, I witnessed Luke March and several other persons from Kettering University, the City of Flint, Michigan, and from General Motors, enter and destroy the Plaintiff's property at 718 Wolcott Street, Flint, Michigan 48504.

I have been the housekeeper for such property since 2002 and lived directly behind the property at 719 Prospect Street, Flint, Michigan 48503 from 2006 through 2024. When I saw the trespass from my window, I ran over in shock.

8

On several occasions from 2016 through 2022, I interacted with Luke March and his family and guests.  Mr. March asked me dozens of times about the Plaintiff's properties at 718, 717, and 713 Wolcott Street, 48504.  Each time I would show him and his friends the key to the house that I wore around my neck.  It was not uncommon for people to ask me if Mr. Tripodi wanted to sell the house or see inside as it was fully restored and a historical site.

A Mr. Johnny Knott owned the house next door at 722 Wolcott Street, 48504, and took care of all yard work, including tree trimming.  On the Friday, September 30, 2022, I witnessed the yard being cut at Mr. Tripodi's house and also Mr. Knott's.  There was no need or reason for Luke March and the others from Kettering, Flint, and General Motors to have entered and destroyed Mr. Tripodi's property.

Luke March and the others took off after a tress they cut in the back yard fell and hit the house tearing off the shingles, shattering windows and ruining the fence.  They trespassers used a Flint labeled back hoe to destroy the original historic driveway and then cut down and stole the 100 year old burning bush that Mr. Tripodi had labeled under study with multiple signs that said "DO NOT TOUCH."  Everyone in the neighborhood knew this; including Luke March.

Dated: June 20, 2026

*Elizabeth Tyler*
Elizabeth Tyler

9

22

# EXHIBIT 5

Monster Home Improvement LLC
810-547-1281
Christopher Hilgris
13215 N Lewis Rd Clio, MI 48420.


October 11, 2022

Stephen Tripodi
718 Wolcott St
Flint, MI 48504
928-350-7445


ESTIMATE FOR REPAIRS OF 718 WOLCOTT ST, FLINT, MI 48504

Dr. Tripodi,

| The estimate of repairs is as follows: | | ROOF REPLACEMENT | $20,000 |
|---|---|---|---|
| GUTTER REPLACEMENT | $ 2,500 | YARD AND SIDEWALK REPAIR | $ 9,000 |
| WINDOW REPLACEMENT 22 | $21,000 | DOOR REPLACEMENT 3 | $ 5,000 |
| ELECTRICAL REPLACEMENT | $15,000 | SECOND FLR REMDEL/REPAIR | $12,000 |
| GROUND FLOOR REPAIR | $13,000 | HVAC | $ 9,000 |
| ESTIMATED TOTAL | $106,500 | | |

THIS ESTIMATE IS BASED ON 20% DEPOSIT DOWN AND IS VALID FOR 30 DAYS FROM October 11, 2022

Thanks
Chris

Monster Home Improvement LLC
810-547-1281
Christopher Hilgris
13215 N Lewis Rd Clio, MI 48420.

JUNE 22, 2025

Stephen Tripodi
838 GLADE DR
PRESCOTT, AZ  86301
928-350-7445

UPDATED ESTIMATE FOR REPAIRS OF 718 WOLCOTT ST, FLINT, MI 48504

Dr. Tripodi,

The estimate of repairs is as follows:          ROOF REPLACEMENT COMPLETED

| | | | |
|---|---|---|---|
| GUTTER REPLACEMENT | $ 4,500 | YARD AND SIDEWALK REPAIR | $ 8,000 |
| WINDOW REPLACEMENT 22 | $24,000 | DOOR REPLACEMENT 3 | $ 9,000 |
| ELECTRICAL REPLACEMENT | $15,000 | SECOND FLR REMDEL/REPAIR | $22,000 |
| GROUND FLOOR REPAIR | $23,000 | HVAC | $ 15,000 |
| ESTIMATED TOTAL | $120,500 | | |

I DECLARE UNDER PENALTY OF PERJURY THAT I PROVIDED THE ESTIMATE TO STEPHEN TRIPODI IN OCTOBER 2022 AND AN UPDATED THE ESTIMATE IN JUNE 2025.

DATED APRIL 1, 2026

/S/ Christopher Hilgris